UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARVIN HOLIDAY,

    Plaintiff,                                                                          CV 03-1385-AS

    v.

                                                                       ORDER

SHERIFF BERNARD GIUSTO,

    Defendant.
_____

HAGGERTY, Chief Judge:

      Plaintiff Marvin Holiday, a Muslim and former inmate at the Multnomah County Detention Center (MCDC), brought this *pro se* religious discrimination action against defendant Multnomah County Sheriff Bernard Giusto pursuant to 42 U.S.C. § 1983. Magistrate Judge Ashmanskas issued a Findings and Recommendation concluding that defendant's second Motion

1   - ORDER

for Summary Judgment (Doc. # 71) should be denied. Defendant filed objections to the Findings and Recommendation and the case was referred to this court.

The matter is now before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). When either party objects to a Magistrate Judge's Findings and Recommendation on a dispositive motion, the district court makes a *de novo* determination of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court has reviewed the Magistrate Judge's decision *de novo*. For the reasons stated below, the court adopts the Magistrate's Findings and Recommendation in its entirety.

## BACKGROUND

The facts of this case have been reviewed thoroughly by the Magistrate Judge and by this court in prior rulings, and will be repeated only as necessary here. *See, e.g.,* Findings and Recommendation filed August 10, 2004 (Doc. # 55); Adoption filed October 26, 2004 (Doc. # 62). Plaintiff's remaining claim in this action alleges that he and other Muslim prisoners were unlawfully prohibited from praying together as a group. This claim is asserted against defendant Giusto, who, as noted above, is the Sheriff for Multnomah County and the policymaker for all operations of the Multnomah County Sheriff's Office. *See* Aff. of Bernard Giusto at ¶ 1.

Previously, this court adopted a Findings and Recommendation concluding that plaintiff had presented a *prima facie* "official capacity" claim under 42 U.S.C. § 1983 against defendant Giusto asserting that MCDC's group prayer policy is ambiguous, and that some prison officials invoke the policy only against prisoners leading other prisoners in prayer, while other officials invoke a prohibition against all forms of group prayer.

Defendant filed a second Motion for Summary Judgment, asserting (in part) the affirmative defense that plaintiff failed to exhaust his administrative remedies.[1] The Findings and Recommendation concluded that summary judgment on grounds that plaintiff failed to exhaust remedies was inappropriate because plaintiff alleged that he would have filed an appeal but for Deputy Gray threatening him with solitary confinement if he pursued a grievance. *See* Pl. Br. in Opp. to Def.'s Mot. for S. J. at 6; Aff. of Marvin Holiday in Supp. of Pl.'s Br. in Opp. Defendant objects specifically to this conclusion, arguing that plaintiff should not defeat an otherwise viable affirmative defense merely by alleging that a single verbal threat made to him by one female deputy inhibited him from pursuing the standard grievance procedures.

**DISCUSSION**

Defendant argues that the clear intent of Congress in enacting the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), would be circumvented if a prisoner were permitted to file a grievance and then proceed directly to federal court simply by alleging that a single verbal threat of retaliation rendered administrative remedies "unavailable." Defendant asserts that the case authority relied upon in the Findings and Recommendation is distinguishable from the circumstances presented here.

This court's analysis of these objections begins by recognizing again, as it has previously, that courts are duty-bound to construe *pro se* complaints, pleadings, and motions with extreme liberality and afford such plaintiffs the benefit of any doubt. *Zichko v. Idaho*, 247 F.3d 1015,

---

[1] Defendant raised other arguments in support of his underlying motion for summary judgment. This court has given those arguments a *de novo* review, and adopts the Findings and Recommendation's rejection of them. Because defendant opted to omit formal objections against their rejection in the Findings and Recommendation, those aspects of the Findings and Recommendation are adopted without further comment.

3   - ORDER

1020 (9th Cir. 2001); *Christensen v. Comm'r of Internal Revenue Serv.*, 786 F.2d 1382, 1384 (9th Cir. 1986). This is especially important when the plaintiff alleges that his or her civil rights have been violated. *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (citations omitted).

The Findings and Recommendation first acknowledged that the PLRA requires a plaintiff to exhaust "available" administrative remedies. 42 U.S.C. § 1997e(a). Findings and Recommendation at 7. Then, relying upon the decision in *Hemphill v. New York*, 380 F.3d 680, 686 (2nd Cir. 2004), the Findings and Recommendation determined that because plaintiff was allegedly threatened by Deputy Gray with solitary confinement if he pursued his grievance, plaintiff's remaining administrative remedies were rendered unavailable. Findings and Recommendation at 9-10.

In *Hemphill*, the court identified a multi-step approach in resolving whether administrative remedies should be construed as actually available to an aggrieved prisoner. *Hemphill*, 380 F.3d at 686 (citation omitted). Once a court determines that such remedies existed, the next inquiry is to consider whether governmental defendants may have forfeited the affirmative defense of failure to exhaust those remedies. One way of forfeiting the defense is by inhibiting the inmate's ability to pursue such remedies. *Id*. (citations omitted). Relatedly, the third step compels a court to "consider whether 'special circumstances' have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements." *Id*. (citations and internal quotations omitted).

As the Findings and Recommendation acknowledged, a court must determine whether a similarly situated individual of ordinary firmness would have deemed the standard grievance procedures available. Findings and Recommendation at 10, citing *Hemphill*, 380 F.3d at 688 (citation and internal quotation omitted). The Findings and Recommendation concluded that "a

4   - ORDER

similarly situated individual of ordinary firmness" such as plaintiff, who was subjected to the alleged threat made by Deputy Gray of solitary confinement, reasonably would have deemed the standard grievance procedures unavailable.

Defendant's attempt to distinguish the circumstances presented in *Hemphill* is unpersuasive. Even though the prisoner in *Hemphill* was subjected to threats from more than one guard, as well as some physical intimidation, the fact that plaintiff here received "only" a verbal threat, and – as underscored in defendant's Objections – from only "one female deputy," is insufficient to render the impact of Gray's threat to plaintiff less relevant. To the contrary, a threat of harsh solitary confinement from an authorized deputy empowered to enforce conditions of imprisonment is, as the Findings and Recommendation concluded, compelling enough to dissuade an individual of ordinary firmness from pursuing grievance procedures.

Defendant's concerns that some prisoners could evade the statutory obligation of availing themselves of standard administrative remedies by asserting unfounded allegations of intimidation have been considered. Within the totality of the circumstances in this case, however, the affirmative defense of failing to exhaust remedies cannot be viewed as dispositive here. Defendant is not entitled to summary judgment on grounds that plaintiff failed to exhaust administrative remedies, in light of plaintiff's unrefuted allegation that a prison official threatened him with solitary confinement if he pursued an administrative grievance. This court agrees with the Findings and Recommendation that an individual of ordinary firmness would be intimidated from pursuing grievance procedures in the face of a threat of solitary confinement for doing so. Therefore, in this case's current posture, the appeals process is construed as having been rendered unavailable to plaintiff, and plaintiff is viewed as having exhausted all available administrative remedies after filing his initial grievance.

**CONCLUSION**

For these reasons, Magistrate Judge Ashmanskas' Findings and Recommendation (Doc. # 104) is ADOPTED in its entirety. Defendant's Motion for Summary Judgment (Doc. # 71) is DENIED.

IT IS SO ORDERED.

Dated this 30 day of November, 2005.

                                                  /s/Ancer L.Haggerty
                                                    ANCER L. HAGGERTY
                                                United States District Judge