IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARVIN HOLIDAY,

        Plaintiff,

v.

SHERIFF BERNARD GIUSTO,

        Defendant.

CV. 03-1385-AS

OPINION
AND ORDER

ASHMANSKAS, Magistrate Judge:

Plaintiff, a Muslim and former inmate at the Multnomah County Detention Center, brought this *pro se* religious discrimination action against Multnomah County Sheriff Bernard Giusto pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's Motion for an Order to Show Cause and Temporary Restraining Order (No. 114) through which plaintiff seeks to prohibit two non-party officials at Two Rivers Correctional Facility, from interfering with his access to the court, either through their own actions or the actions of their subordinates. Specifically, plaintiff complains that the Law Library Coordinator, identified as Justus, and the Executive Assistant Superintendent of Programs, identified as Iverson, have refused to provide him with free

1 - OPINION AND ORDER

photocopies of legal materials as well as access to trained legal assistants.

    B.    **Legal Standards**.

The relief sought by plaintiff in his motion is in the nature of a temporary restraining order or preliminary injunction. To obtain preliminary injunctive relief in the Ninth Circuit, a party must meet one of two alternative tests. Under the "traditional" test, preliminary relief may be granted if the court finds: (1)the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party enjoys a likelihood of success on the merits; (3)the balance of potential harm favors the moving party; and (4)the advancement of the public interest favors granting injunctive relief. Burlington N. R.R. v. Department of Revenue, 934 F.2d 1064, 1074 n.6 (9th Cir. 1991).

Under the alternative standard, the moving party may meet its burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Id.; Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S. 985 (1992). These formulations "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." United States v. Odessa Union Warehouse Co-Op, 833 F.2d 172, 174 (9th Cir. 1987). The Ninth Circuit earlier said that this really describes one test: "a continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." San Diego Comm. v. Governing Bd., 790 F.2d 1471, 1473 n. 3 (9th Cir. 1986).

Courts apply a more exacting standard when the moving party seeks a mandatory, as opposed to a prohibitory, preliminary injunction. See Martin v. International Olympic Comm., 740 F.2d 670,

675 (9th Cir. 1984) (in issuing mandatory preliminary relief, courts should be extremely cautious). The Ninth Circuit has held that mandatory injunctive relief is disfavored, and should be denied unless the facts and law clearly favor the moving party. Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1979); see also Hertz Corp. v. Avis, Inc., 867 F. Supp. 208, 211-12 (S.D.N.Y. 1994) (moving party must establish a substantial likelihood of success on the merits, rather than merely a likelihood of success).

    C.    **Discussion**.

Pursuant to the Findings and Recommendation of September 22, 2005, and Order of November 30, 2005, the only remaining claims in this action are whether a group prayer policy at the Multnomah County Detention Center, which allegedly allows group prayer among Christians, but not Muslims, is unconstitutional and violates the Religious Land Use and Institutionalized Person Act. The sole remaining defendant is Multnomah County Sheriff Bernard Giusto, in his official capacity. No officials at Two Rivers Correctional Facility are defendants, and none of its policies are at issue in this case. In other words, this action does not involve a claim of denial of access to the courts; nor does it involve any officials or conditions of confinement at Two Rivers Correctional Facility. Because such a claim is not at issue, plaintiff cannot conceivably demonstrate a substantial likelihood of success on the merits of a claim of denial of access to the court such that mandatory injunctive relief of the type requested would be warranted.

That having been said, it is apparent from the record that plaintiff would not be entitled to the relief sought even if denial of access to the courts were alleged herein. It is well established that prisoners have a constitutional right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977); Cornett v. Donovan, 51 F.3d 894, 897 (9th Cir. 1995), cert. denied, 518 U.S. 1033

(1996). The right of access is designed to ensure that a habeas petition or a civil rights complaint of a person in state custody will reach a court for consideration. Cornett, 51 F.3d at 898; see Bounds, 430 U.S. at 827-28. Accordingly, access to the courts requires *only* that a state provide a law library or legal assistance *during the pleading stages* of a habeas or civil rights action. Cornett, 51 F.3d at 898; see also Lewis v. Casey, 518 U.S. 343, 354 (1996) (plaintiff has no constitutional right to "litigate effectively" once in court).

Plaintiff presents no evidence that defendant Giusto, non-parties Justus and Iverson, or any persons acting under their direction, have denied him his constitutional right of access to the courts. Accordingly, plaintiff is not entitled to the restraining order sought in his motion.

## CONCLUSION

Based on the foregoing, plaintiff's Motion for an Order to Show Cause and Temporary Restraining Order (No. 114) is **DENIED**.

Dated this 24th day of February, 2006.

/s/Donald C. Ashmanskas
Donald C. Ashmanskas
United States Magistrate Judge