IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARVIN HOLIDAY,

        Plaintiff,                                          CV. 03-1385-AS

       v.                                              OPINION
                                                           AND ORDER

SHERIFF BERNARD GIUSTO,

        Defendant.

_____

ASHMANSKAS, Magistrate Judge:

       Plaintiff, a Muslim and former inmate at the Multnomah County Detention Center, brought this *pro se* religious discrimination action against Multnomah County Sheriff Bernard Giusto pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's Motion for Leave to File an Amended Complain (No. 123) in which plaintiff seeks to add personal capacity claims against defendant Giusto and former defendant, Chaplain Thomas Duncan. Plaintiff asserts that, through the process of discovery, he has come to posses evidence that supports the renewed claims for personal liability.

1 - OPINION AND ORDER

## **LEGAL STANDARD**

After the initial pleading stage, a party may amend his "pleading only by leave of court or by written consent of the adverse party; and leave shall be given freely when justice so requires." Fed. R. Civ. P. 15(a). The decision whether to grant or deny leave to amend is within the discretion of the District Court. California v. Neville Chemical Co., 358 F.3d 661, 673 (9th Cir. 2003). Leave to amend, however, "is not to be granted automatically." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). Factors considered in determining whether to grant a motion to amend include bad faith, undue delay, prejudice to the opposing party, futility of the amendment and whether the party has previously amended his pleadings. Bonin v. Calderon 59 F.3d 815, 845 (9th Cir. 1995), cert. denied, 516 U.S. 1051 (1996).

## **DISCUSSION**

Plaintiff seeks to amend his complaint to add allegations and personal capacity claims against defendant Sheriff Giusto and former defendant Chaplain Thomas. Currently, Sheriff Giusto is the only defendant and the claims against him are in his official capacity. All claims against Chaplain Duncan and the personal capacity claims against Sheriff Giusto were previously dismissed in August 2004 when defendants' first motion for summary judgment was granted in part (docket No. 55).

The court has discretion to deny a motion to amend if there is undue delay in requesting the amendment, the amendment would be futile, or it would cause prejudice to the opposing party—three circumstances that are present here. Plaintiff has failed to explain why the amendment is sought at this advanced stage of the proceeding. This case was filed in 2003, and the court has previously ruled on two motions for summary judgment. Prior to the pending motion, the parties had most recently discussed setting a trial date after plaintiff is released, which he indicated would

be next month (July 2006).

In the pending motion, plaintiff asserts that he acquired new evidence to support the personal capacity claims "through the process of discovery," but defendant has submitted evidence that plaintiff has engaged in no formal discovery. Thus, plaintiff's delay in seeking to amend did not result from a failure by defendant to produce requested discovery in a timely manner. The new evidence, as reflected in the proposed amended complaint, concerns events alleged to have occurred in 2003. Thus, the new evidence does not appear to be the result of recent improper conduct. Whatever the source of the new evidence, plaintiff already had ample opportunity to marshal such evidence earlier in the case, particularly in response to defendants' first motion for summary judgment. Under these circumstances, there is undo delay, which undermines plaintiff's motion.

Furthermore, allowing the amendment would appear to be futile, at least in regard to the personal capacity claim plaintiff seeks to allege against Sheriff Giusto. To establish liability in a personal capacity suit, the plaintiff must show that the official caused the alleged constitutional injury. See Kentucky v. Graham, 473 U.S. 159, 165 (1985). The personal capacity claims against Sheriff Giusto were previously dismissed because plaintiff failed to produce evidence that Sheriff Giusto caused the alleged constitutional injury. Similarly, the allegations of the proposed Amended Complaint (with the exception of the prayer for damages of $20,000) do not support a personal capacity claim, because they essentially claim that Sheriff Giusto failed to adjust policy. Because the new allegations are more consistent with an official capacity claim, it is likely that a renewed personal capacity claim would once again be dismissed for the same reasons it was before.

Finally, allowing the amendment would result in substantial prejudice to the opposing party, defendant Giusto, as well as former defendant Chaplain Duncan, who has been out of this lawsuit

3 - OPINION AND ORDER

since 2004. Sheriff Giusto makes the reasonable request that, if plaintiff's motion is granted, discovery be reopened for depositions, including plaintiff's, and that additional dispositive motions be allowed "regarding standing issues and other defenses which appear on the face of the [amended] complaint." Indeed, that request is reasonable, because allowing the motion to amend would set this three-year-old case back to "square one" and force defendant to engage in additional discovery and to relitigate some issues that had been raised in two prior motions for summary judgment. Such prejudice to defendant should be avoided, especially where there is also undue delay and futility of amendment, as described above.

## CONCLUSION

For these reasons, plaintiff's Motion for Leave to File and Amended Complaint (No. 123) is **DENIED**. The court will be contacting the parties to set a trial scheduling conference in the near future.

Dated this 3rd day of June, 2006.

                                           /s/Donald C. Ashmanskas
                                           Donald C. Ashmanskas
                                           United States Magistrate Judge